## JENNINGS v. DAVIES.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

1. BROKERS—ACTION FOR COMMISSION—EVIDENCE.
   At the trial of an action by a broker to recover commissions for a sale of real property owned by defendant, under a written contract signed by defendant's husband, the husband was asked by plaintiff's attorney, "Did you have authority from your wife to execute this paper?" This was objected to, and excluded, as involving a conclusion. *Held*, that the question asked, not for a conclusion, but a fact, and should have been allowed.

2. SAME.
   He was further asked, "At the time of signing this paper, did you have a power of attorney from your wife?" *Held*, that the exclusion of the question

was error, as plaintiff was entitled to show that a power of attorney existed, and then to compel its production.

3. UNDISCLOSED PRINCIPAL.
    An undisclosed principal may be held for an act done with his authority by an agent in his own name.

Appeal from trial term.

Action by Louis B. Jennings against Alice Davies. From a judgment entered on dismissal of complaint at trial term, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George C. Lay, for appellant.
J. P. Donellan, for respondent.

VAN BRUNT, P. J. This action was brought to recover for the services of the plaintiff, as broker, in the sale of certain houses in the city of New York. The complaint alleges employment, production of a purchaser, and refusal to convey. The answer is a general denial. The plaintiff proved that he called upon the defendant, Mrs. Davies, at her residence, and asked for the owner of the houses; that he saw Mrs. Davies, and had some conversation with her, telling her that he had a purchaser for the houses, whereupon she said, "Walk into the sitting room, and I will call my husband;" that she then left, and Mr. Davies came in, and had a conversation with the plaintiff. The plaintiff further proved that Davies signed an agreement in regard to the premises in question, authorizing a sale, and promising to pay $1,000 commission to the plaintiff on the sale. The plaintiff then proved the title of the premises in question in the defendant, Mrs. Davies, and desired to prove that Davies, in signing the agreement in respect to commissions, was acting as her agent. Evidence as to other transactions in which Davies acted as agent for his wife was attempted to be introduced. It is doubtful whether such evidence was competent for the purpose of establishing the fact that Davies was acting as agent for his wife in this particular transaction. But the plaintiff was precluded from proving that Davies was here acting for his wife. Upon his examination, after he had testified, "At the time of the signing of that paper, I did not own this property in question," he was asked, "Did you have authority from your wife to execute this paper?" This was objected to on the ground that there was no evidence of authority in that paper; that it involved a conclusion, and called for an operation of the mind. It seems to us that the plaintiff was entitled to an answer to this question. It was asking for a fact, and not for a conclusion. He was further asked, "At the time of the signing of this paper, did you have a power of attorney from your wife?" This was objected to, substantially upon the same grounds, and upon the further ground that there was no evidence of a power of attorney. It certainly was competent for the plaintiff to show that a power of attorney existed, and then to compel the production of the document. He was further asked: "On or about the 7th day of December, 1896, what, if any, paper writing did you have from your wife in relation to the property on 111th street?" This was objected

to, and after considerable discussion he was allowed to answer the question, and he stated that he did not know that he had any papers. He was further asked whether on the 15th, 18th, and 22d of March, 1897, he had a power of attorney from his wife. This was objected to on the ground that, even if he did, it would not be evidence of his authority at a prior date, and that it called for the conclusion of the witness, and was also immaterial, irrelevant, and incompetent. He was a hostile witness, and the plaintiff clearly had a right to examine him as a hostile witness, particularly in view of his prevarication in respect to his signature when it was shown to him. It would seem that the theory upon which the case was tried was that the authority of Mr. Davies to act for his wife could not be proved, because the contract had been signed by him in his individual name. It is too familiar a principle to need the citation of authority that an undisclosed principal may be held for an act done with his authority by an agent in his own name. If the paper in question had been under seal, a different question might have arisen.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.