LOUIS B. JENNINGS, Appellant, *v.* ALICE DAVIES, Respondent.

*Agency — a husband executing in his individual name an unsealed contract, employ-*
*ing a broker to sell premises owned by his wife — the husband may be asked what*
*authority he had to act for his wife.*

In an action brought by a broker against an owner of real property to recover for
services rendered by the broker in conducting negotiations for the sale thereof,
the plaintiff may, notwithstanding the fact that the contract under which he
was employed, which was not under seal, was signed by the defendant's hus-
band in his individual name, show that the husband had authority to act in the
premises for his wife, and the husband may properly be asked whether he had
authority from his wife to execute the contract of employment; also, whether
at the time of signing such contract he had a power of attorney from his wife,
and also the question, " What, if any, paper writing did you have from your
wife in relation to the property ? "

APPEAL by the plaintiff, Louis B. Jennings, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 25th day of Octo-
ber, 1897, upon the dismissal of the complaint by direction of the
court after a trial at the New York Trial Term.

*George C. Lay,* for the appellant.

*J. Power Donellan,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover for the services of the plain-
tiff as broker in conducting negotiations for the sale of certain
houses in the city of New York. The complaint alleges employ-
ment, production of a purchaser and refusal to convey. The answer
is a general denial.

The plaintiff proved that he called upon the defendant, Mrs.
Davies, at her residence, and asked for the owner of the houses;
that he saw Mrs. Davies and had some conversation with her, telling
her that he had a purchaser for the houses, whereupon she said:
" Walk into the sitting room, and I will call my husband; " that she
then left, and Mr. Davies came in and had a conversation with the
plaintiff. The plaintiff further proved that Davies signed an agree-
ment in regard to the premises in question, authorizing a sale, and
promising to pay $1,000 commission to the plaintiff on the sale.

The plaintiff then proved the title of the premises in question in the defendant, Mrs. Davies, and desired to prove that Davies, in signing the agreement in respect to commissions, was acting as her agent. Evidence as to other transactions in which Davies acted as agent for his wife was attempted to be introduced. It is doubtful whether such evidence was competent for the purpose of establishing the fact that Davies was acting as agent for his wife in this particular transaction. But the plaintiff was precluded from proving that Davies was here acting for his wife. Upon his examination, after he had testified: "At the time of the signing of that paper I did not own this property in question," he was asked: "Did you have authority from your wife to execute this paper?" This was objected to on the ground that there was no evidence of authority in that paper, that it involved a conclusion and called for an operation of the mind. It seems to us that the plaintiff was entitled to an answer to this question. It was asking for a fact and not for a conclusion.

He was further asked: "At the time of the signing of this paper did you have a power of attorney from your wife?" This was objected to substantially upon the same grounds, and upon the further ground that there was no evidence of a power of attorney. It certainly was competent for the plaintiff to show that a power of attorney existed, and then to compel the production of the document.

He was further asked: "On or about the 7th day of December, 1896, what, if any, paper writing did you have from your wife in relation to the property on 111th street?" This was objected to, and after considerable discussion he was allowed to answer the question, and he stated that he did not know that he had any papers.

He was further asked whether, on the 15th, 18th and 22d of March, 1897, he had a power of attorney from his wife. This was objected to on the ground that even if he did, it would not be evidence of his authority at a prior date, and upon the further ground that it called for the conclusion of the witness and was also immaterial, irrelevant and incompetent. He was a hostile witness, and the plaintiff clearly had a right to examine him as a hostile witness, particularly in view of his prevarication in respect to his signature when it was shown to him.

It would seem that the theory upon which the case was tried was that the authority of Mr. Davies to act for his wife could not be proved because the contract had been signed by him in his individual name. It is too familiar a principle to need the citation of authority, that an undisclosed principal may be held for an act done with his authority by an agent in his own name. If the paper in question had been under seal, a different question might have arisen.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide event.

BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.