### ALCOLM CO. v. BRENACK.

(Supreme Court, Appellate Term. December 21, 1905.)

EVIDENCE—CONCLUSIVENESS ON PARTY INTRODUCING IT.

In an action against a married woman on a contract alleged to have been made through her husband, where plaintiff calls defendant's husband as a witness, he is bound by testimony of the husband in direct examination negativing his authority to make the contract in question.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2440, 2441.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Alcolm Company against Emma F. Brenack. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Harry J. Sondheim, for appellant.
Straley & Hasbrouck, for respondent.

MacLEAN, J. This action was brought upon a written contract for advertisement signed: "Brenack Paper Co., by R. G. Brenack, Att'y." To prove authority the plaintiff put the husband of the defendant on the stand as its witness, and, among other things, asked this question: "Were you authorized to sign the name of the Brenack Paper Company, R. G. Brenack, Attorney?" Objection was made and sustained, though apparently a proper question, under the decision of Jennings v. Davies, 29 App. Div. 227, 51 N. Y. Supp. 437. However, it did finally elicit that "she," referring to the defendant, "told me I should not sign any papers for the Brenack Paper Company; that any contracts that were to be made she would make them." By this the plaintiff was bound. Failing, therefore, to prove authority, and so a right to recover, judgment for the defendant must stand.

Judgment affirmed, with costs. All concur.